United States Court of Appeals

Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41140
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MORA-GARIBAY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-243-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Antonio Mora-Garibay appeals his guilty-plea conviction and

sentence for being found in the United States, without

permission, following deportation, in violation of 8 U.S.C.

§ 1326.  Mora-Garibay concedes that his appellate arguments are

foreclosed.  He nevertheless raises two issues to preserve them

for possible *en banc* or Supreme Court review.

Mora-Garibay argues that the district court erred in

determining that his prior state felony conviction for possession

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of cocaine was a "drug trafficking crime" under 8 U.S.C. § 1101(a)(43)(B) and thus an "aggravated felony" which warranted an eight-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(C)(2001) and 8 U.S.C. § 1326(b)(2). Mora-Garibay's argument regarding the definitions of "drug trafficking crime" and "aggravated felony" is foreclosed by *United States v. Caicedo-Cuero*, 312 F.3d 697, 706-11 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1948 (2003). The district court did not err in sentencing Mora-Garibay under U.S.S.G. § 2L1.2(b)(1)(C)(2001) and 8 U.S.C. § 1326(b)(2).

Mora-Garibay also argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Mora-Garibay's argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 239-47 (1998). *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000), did not overrule that decision. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000). Thus, the district court did not err in sentencing Mora-Garibay under 8 U.S.C. § 1326(b).

The judgment of the district court is AFFIRMED. The motion of the Government for summary affirmance is GRANTED.